UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 5:23-cr-00007-GFVT-MAS |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JADALLAH MAHMOUD OMRAN, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On January 18, 2023, United States Magistrate Judge Matthew A. Stinnett held a detention hearing for Defendant Omran. [R. 12.] Judge Stinnett determined that Mr. Omran should be released pending trial pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq*. [R. 22.] Now, the Government requests revocation of that order pursuant to 18 U.S.C. § 3145(a)(1) by the undersigned. [R. 26.] Because Judge Stinnett created conditions of release which would reasonably assure Mr. Omran's appearance in this matter, the Court **DENIES** the Government's motion [R. 22] and Mr. Omran shall be released on those conditions pending trial.

**I**

**A**

Mr. Omran was indicted on January 19, 2023 for one count of conspiracy to distribute, and one count of possessing with intent to distribute, at least 100 kilograms of marijuana in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). [R. 15.] Consistent with the Court's local practice, Magistrate Judge Matthew A. Stinnett presided over Mr. Omran's initial appearance, arraignment, and detention hearing. [R.6; R. 12; R. 19.] Judge Stinnett determined that detention is not required in this case and ordered Mr. Omran be released pending trial. [R.

18.] The Government challenged the release order and requests that this Court, after a *de novo* review of the record and an independent detention review hearing, detain Mr. Omran pending trial. [R. 26.]

**B**

At the detention hearing before Judge Stinnett, the Government presented testimony from Detective Blake Leathers, Homeland Security Agent Ken Border, and US Probation Officer Brian Rains. [R. 12.] Mr. Omran called his aunt, Dr. Amina Shalash, as a witness. [R. 22 at 3.] At a latter status hearing, Judge Stinnett heard testimony from Mr. Omran's mother. [R. 24.] While Mr. Omran's charged offenses do establish a presumption of detention, Judge Stinnett found that Mr. Omran overcame that presumption and ordered him to be released to the custody of his mother. *Id.* at 11.

Judge Stinnett found that the 18 U.S.C. § 3142(g) factors weigh against detention. *Id.* at 6-11. He found that § 3142 (g)(1) "plainly favors detention" because Mr. Omran is facing significant drug charges and the possibility of a lengthy prison sentence. *Id.* at 7-8. In contrast, Judge Stinnett found that the § 3142(g)(2) and (3) factors weighed against detention. *Id.* at 8-10. The Government argued that Mr. Omran presents a risk of non-appearance because: (1) he was arrested while boarding a flight to Saudia Arabia, (2) his co-conspirator has fled to Palestine, and (3) Mr. Omran traveled to Palestine eight years ago. *Id.* at 9. Judge Stinnett found that none of these facts establish a risk of non-appearance.

First, Mr. Omran's aunt, Dr. Shalash, "credibly testified" that this was a family trip which Mr. Omran committed to attend before interacting with law enforcement and was not an attempt to flee. *Id.* Judge Stinnett also reasoned that Mr. Omran should not be punished for his co-conspirator's wrongdoing. *Id.* at 9-10. He emphasized that Mr. Omran did not attempt to flee to

Palestine, nor to any other location, even after he made contact with law enforcement in September 2022. *Id.* Ultimately, Judge Stinnett found no "real proof of actual nonappearance risk." *Id.* at 10. Mr. Omran's history and characteristics bolstered this conclusion. Nothing in his past suggested he would attempt to flee and he has many ties to the local community. *Id.*

Judge Stinnett concluded that Mr. Omran can be released on conditions sufficient to "ensure reasonably [his] future appearance in this matter." *Id.* at 11. He ordered Mr. Omran be released pending trial, on the condition that he remain on home detention at his mother's house with electronic monitoring. [R. 25.] The Government seeks revocation of Judge Stinnett's Release Order. [R. 26.] The Court considers the matter *de novo*. *See, e.g.*, *United States v. Crane*, No. 5:15-005-DCR, 2015 WL 4424957, at *2 (E.D. Ky. July 17, 2015); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000).

**II**

Pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, a defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Generally, the law presumes that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, this default is modified for "particularly dangerous" defendants. *Id.* If probable cause exists to believe that a defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption in favor of detention. A grand jury indictment alone will satisfy the probable cause requirement. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

Section 3142(e)(3) imposes a "burden of production" on the defendant, while the

Government retains the ultimate "burden of persuasion." *Stone*, 608 F.3d at 945. While a defendant's burden of production is not heavy, the defendant must come forward with some evidence to suggest he does not pose a risk of flight. *Id.* (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Satisfying this burden of production is insufficient to overcome fully the presumption in favor of detention; instead, the presumption remains a factor to be weighed by the district court. *Id.*

Regardless of whether a presumption in favor of detention applies to a particular defendant, the Government must prove that no conditions of release can ensure the safety of the community or the defendant's appearance in future court proceedings. *Id.* 18 U.S.C. § 3142(g) delineates factors for courts to consider in determining whether the Government has satisfied this burden of persuasion:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). A court's consideration of these factors should not be construed to modify

or limit the defendant's presumption of innocence.  18 U.S.C. § 3142(j).

With this framework in mind, the Court considers the Government's request.[1]  The Government only argues that Mr. Omran presents a risk of non-appearance, not a danger to his community.  First, the Court finds the Government satisfied its burden to show probable cause that Mr. Omran committed one of the crimes listed in 18 U.S.C. § 3142(e)(3).  A grand jury indictment retuned against Mr. Omran charges him with conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute 100 kilograms or more of marijuana, in violation with 21 U.S.C. § 841(a)(1).  [R. 15.]  Thus, Mr. Omran faces up to 40 years in prison.  21 U.S.C. § 841(b)(1)(B)(vii).  As a result, the default in Mr. Omran's case is a presumption in favor of detention.  *See* 18 U.S.C. § 3142(e)(3)(A).

Because of this presumption, the burden shifts to Mr. Omran to offer rebuttal evidence satisfying the burden of production to demonstrate he is not a flight risk.  *Stone*, 608 F.3d at 945.  Mr. Omran established that he has lived in Lexington his entire life and has strong ties here.  [*See* R. 22 at 7.]  He also has no record of failing to appear for Court.  *Id.* at 10.  Accordingly, Mr. Omran has satisfied his burden of production.

Mr. Omran having overcome the low rebuttal threshold necessary to overcome the presumption of risk of flight, the Court finds that the Government did not satisfy its burden of persuasion to warrant his pretrial detention.  Once a defendant satisfies the burden of production, the burden shifts back to the Government to prove that no conditions of release will assure the appearance of the defendant and the safety of the community.  *Stone*, 608 at 945–46.  Here, the

---

[1] The Government also requested an additional detention hearing.  [R. 26 at 4.]  The Court has discretion over whether to hold an additional detention hearing when reconsidering a release order.  *See United States v. Baker*, 2021 WL 2744512, at *3 (E.D. Ky. July 1, 2021) (collecting cases).  The Court finds an additional hearing is unnecessary because the Government's Motion does not explain why a second hearing is necessary nor present any grounds for detention which were not presented at the first detention hearing.  *See id.*

Government cites to Mr. Omran's connection to his alleged co-conspirator, who fled to Palestine, his involvement in international drug trafficking, and the charges and punishment he faces to argue that he poses a risk of non-appearance.[2] The Court now turns to the § 3142(g) factors to determine whether the Government has met its burden of persuasion.

First, the "nature and circumstances of the offense charged" clearly weigh in favor of detention. 18 U.S.C. § 3142(g)(1) specifically directs the Court to consider whether the charged offense involves a controlled substance. Mr. Omran is charged with conspiracy to, and possession with intent to, distribute 100 kilograms or more of marijuana. [R. 1.] Therefore, this factor supports detention.

Next, the "weight of the evidence" against Mr. Omran weighs against detention. *See* 18 U.S.C. § 3142(g)(2). This factor relates to the weight of the evidence of a defendant's dangerousness and risk of non-appearance, not the weight of evidence of his guilt. *Stone*, 608 at 948. The Government presented the testimony of three agents to show Mr. Omran presents a risk of non-appearance. Special Agent Borders "testified as to the general facts of the arrest . . . and the international breadth of the organization." [R. 26 at 2.] Officer Rains testified that he believes detention is appropriate because of the nature of the offenses, Mr. Omran's ties to a foreign country, and the fact that the offenses were violations of Mr. Omran's state terms of release. *Id*. Detective Leathers testified about Mr. Omran's ties to Zihad Shalash, his co-conspirator, who has fled the country. *Id.* at 2-3.

Though fairly raised, these concerns do not weigh in favor of detention. The

---

[2] The Government had argued before Judge Stinnett that Mr. Omran's attempt to board a flight to Saudia Arabia supported detention. [R. 22 at 9.] Judge Stinnett heard testimony from Mr. Omran's aunt, who "credibly testified" that this was a family trip which had been long-planned. *Id*. The Government appears to have abandoned this argument because it is not raised in the Motion for Reconsideration. [R. 26.] Nevertheless, the Court agreed that any suspicion arising from this trip is conjectural and insufficient to justify detention. [*See* R. 22 at 7.]

6

Government's argument boils down to Mr. Omran's connection to a man who fled to Palestine. But Mr. Omran should not be punished for his alleged co-conspirator's choice to flee. While this connection may provide a location to which Mr. Omran could flee if he chose, there is no indication he intends to do so. In fact, Mr. Omran was aware of this investigation for months preceding his arrest and there is no evidence or suggestion that he attempted to flee to Palestine in this time. [R. 22 at 10.] Accordingly, the weight of the evidence showing that Mr. Omran presents a flight risk weighs against detention.

The third § 3142(g) factor, Mr. Omran's history and characteristics, also weighs against detention. *See* 18 U.S.C. § 3142(g)(3). Mr. Omran has strong family ties to Lexington as he has lived here since his birth, currently lives here with his mother, and has been locally employed by a family member for the past seven years. [R. 22 at 10.] It appears that Mr. Omran has a criminal history because the instant offenses occurred while on state pretrial release. *Id.* This fact weighs in favor of detention but is insufficient on its own. 18 U.S.C. § 3142(g)(3)(B). But the Government does not argue that Mr. Omran's criminal history demonstrates a risk of non-appearance. [*See* R. 26.] Ultimately, Mr. Omran's collective history and characteristics do not weigh in favor of detention. Mr. Omran's local family, community, and employment ties, and lack of history of non-compliance suggest that he is not a flight risk and release is appropriate under 18 U.S.C. 3142(g)(3).

Finally, the Court finds that Mr. Omran's appearance in this matter can be reasonably ensured by the conditions established by Judge Stinnett. He ordered Mr. Omran be subjected to home detention in his mother's custody and GPS monitoring. [R. 25.] These conditions outweigh the characteristics slightly suggesting a risk of non-appearance. Mr. Omran will be under three levels of control: his mother's custody, home detention, and GPS monitoring. These

7

conditions are fairly restrictive and sufficient to reasonably ensure that Mr. Omran remains in the District and attends necessary appearances in this matter.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Government's Motion to Revoke Release Order [**R. 26**] is **DENIED**; and

2. Mr. Omran shall be **RELEASED** pending trial, subject to the conditions established by Judge Stinnett [R. 25.].

This the 31st day of January, 2023.

Gregory F. Van Tatenhove
United States District Judge